**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-26068-RAR**

**RAIKO MORFFI LOPEZ**,

Petitioner,

v.

**TODD BLANCHE**, *Attorney General of the United States, et al.*,

Respondents.
_______________________________________/

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** comes before the Court upon Petitioner Raiko Morffi Lopez's Petition for Writ of Habeas Corpus ("Petition"), [ECF No. 1], filed on September 2, 2026. Petitioner alleges that he has been unlawfully committed to detention and asks the Court to order his immediate release. *See* Pet., Prayer for Relief. On September 8, 2026, Respondents filed a Response to Order to Show Cause ("Response"), [ECF No. 5]. Petitioner subsequently filed an Amended Petition ("Amended Petition"), [ECF No. 8], on September 10, 2026.[1] Petitioner filed a Reply, [ECF No. 9], on September 11, 2026. The Court having reviewed the Petition, the relevant submissions, and applicable law, it is hereby

**ORDERED AND ADJUDGED** that the Petition is **GRANTED** as set forth herein.

[1] Plaintiff filed his Amended Petition pursuant to the Court's Order to Show Cause and Omnibus Order. *See* Am. Pet. at 2. Petitioner made no changes to his claims or arguments in his amendment; he only "add[ed] Petitioner's A-Number at Paragraph 3 and append[ed] a verification executed under penalty of perjury pursuant to 28 U.S.C. §§ 1746 and 2242." *Id.* Accordingly, Respondents are not prejudiced by the Court's use of the Amended Petition, despite having responded only to the original Petition. As noted by Petitioner, the Amended Petition "is identical in substance to the original Petition[.]" *Id.*

## BACKGROUND

Petitioner is a Cuban national who arrived in the United States in 2014. Am. Pet. ¶ 9. Petitioner obtained Lawful Permanent Resident status pursuant to the Cuban Adjustment Act following his arrival. *Id.*; Resp. at 2–3. In 2018, Petitioner was convicted of "possession of at least fifteen counterfeit or unauthorized access devices, in violation of 18 U.S.C. §§ 1029(a)(3), 1029(c)(1)(A)(i)" and sentenced to thirty months imprisonment. Resp. at 3. After Petitioner's release from criminal custody, the Department of Homeland Security initiated removal proceedings. Am. Pet. ¶ 10. An Immigration Judge ordered Petitioner removed to Cuba on October 30, 2019. *Id.* ¶ 11; [ECF No. 5-5]. Following the entry of that removal order, Petitioner was detained for approximately two months before he was released under an Order of Supervision ("OSUP") on January 10, 2020. Am. Pet. ¶ 11.

On December 11, 2025, Petitioner was detained following a regularly scheduled Immigration and Customs Enforcement ("ICE") check-in. *Id.* ¶ 13. ICE subsequently notified Petitioner that he would be removed to Mexico and transported him to the United States–Mexico border in Texas. Resp. at 3; [ECF No. 5-8]. On January 19, 2026, ICE brought Petitioner to the Hildalgo, Texas Port of Entry. Am. Pet. ¶ 14; Resp. at 3. "[W]hen Petitioner did not exit the bus, officers attempted to force him across the border physically; Mexican officials observed the encounter and refused to accept him." Am. Pet. ¶ 14.

On May 16, 2026, Petitioner filed his first petition for Writ of Habeas Corpus. *Id.* ¶ 15. The petition was dismissed in part and denied in part. *See Morffi Lopez v. Blanche*, No. 26-23453, slip. op. at 4–8 (S.D. Fla. Aug. 25, 2026) (dismissing without prejudice Petitioner's substantive due process claim as premature and denying Petitioner's claims relating to the revocation of his OSUP). Petitioner filed the instant Petition, [ECF No. 1], on September 2, 2026. He filed an

Amended Petition, [ECF No. 8], on September 10, 2026. Petitioner argues that his continued detention violates his substantive and procedural due process rights under the Fifth Amendment. Am. Pet. ¶¶ 49–57. He asks the Court to order his immediate release from custody, or, in the alternative, order an individualized custody redetermination hearing. *See id.*, Prayer for Relief.

## LEGAL STANDARD

Under 28 U.S.C. § 2241, federal district courts "within their respective jurisdictions" have the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to be within the "core of habeas corpus," a petitioner must seek "either immediate release from that confinement or the shortening of its duration." *Prieser v. Rodriguez*, 411 U.S. 475, 484, 489 (1973). Federal courts are authorized by § 2241 to hear challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (noting that "28 U.S.C. § 2241[] confers jurisdiction upon the federal courts to hear" challenges to the "lawfulness of immigration-related detention").

## ANALYSIS

Petitioner asserts two claims for relief. First, he argues that his continued detention violates his substantive due process rights under the Fifth Amendment—as interpreted by *Zadvydas v. Davis*—because he has been detained for over six months and removal is not likely in the reasonably foreseeable future. *See* Am. Pet. ¶¶ 49–53. Second, Petitioner argues that his continued detention without an opportunity for a custody redetermination hearing violates his procedural due process rights under the Fifth Amendment. *See id.* ¶¶ 54–57. The Court finds that Petitioner has

stated a valid claim under *Zadvydas* and grants habeas relief on this basis.[2] Accordingly, the Court need not reach Petitioner's procedural due process claim.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]" 8 U.S.C. § 1231(a)(1)(A). But the removal period "shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." *Id.* § 1231(a)(1)(C).

In *Zadvydas*, the Supreme Court held that the post-removal-period detention statute, 8 U.S.C. § 1231, "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. As this Court has explained, "[t]o avoid reading the statute as violating the Fifth Amendment Due Process Clause and to create uniform standards for evaluating challenges to post-removal-period detention, the Supreme Court held that any detention of six months or less was a 'presumptively reasonable period of detention,' and that 'an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Grigorian v. Bondi*, No. 25-22914, 2025 WL 1895479, at *7 (S.D. Fla. July 8, 2025) (quoting *Zadvydas*, 533 U.S. at 701). Thus, to state a *Zadvydas* claim, the petitioner must show (1) "post-removal order detention in

---

[2] Although the parties do not raise the issue of jurisdiction, "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)). While there are certain jurisdiction stripping provisions that may preclude judicial review such as § 1252(g) and § 1252(b)(9), the Court has conducted an independent review of the record and concludes that none are applicable here. *See also Morffi Lopez v. Blanche*, No. 26-23453, slip. op. at 4–8 (S.D. Fla. Aug. 25, 2026) (finding there to be no jurisdictional bar to hearing Petitioner's claims in his first petition).

excess of six months" and (2) "a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

The parties do not dispute that Petitioner had been in custody since December 11, 2025, totaling nearly nine months of detention at the time he filed his Petition on September 2, 2026. *See* Am. Pet. ¶ 13; Resp. at 4 ("Petitioner has been detained longer than the 6-month period held to be presumptively reasonable under *Zadvydas* . . . ."). However, Respondents argue that Petitioner's *Zadvydas* claim nonetheless fails because "[t]he removal period permitted by 8 U.S.C. § 1231 has been tolled by Plaintiff's own obstruction of his removal to Mexico" and "his removal in the reasonably foreseeable future is significantly likely." Resp. at 2. Petitioner pushes back against both assertions, arguing that Petitioner's conduct has not tolled the removal period and that "Respondents have wholly failed to provide any evidence that Mr. Morffi's removal is reasonably foreseeable." Rep. at 2–5.

***I. Petitioner has been detained for more than six months.***

Respondents contend that "Petitioner's own conduct has obstructed his removal and caused the delay of which he now complains. Under such circumstances, the removal period is tolled." Resp. at 6. In making this argument, Respondents cite a series of cases in this Circuit and District where courts have found the removal period to be tolled when Petitioners refused to sign Notices of Removal. *See Vaz v. Skinner*, 634 F. App'x 778, 782 (11th Cir. 2015); *Lambert v. Garland*, No. 22-23976, 2023 WL 2016841, at *3 (S.D. Fla. Feb. 15, 2023); *Blanco Torre v. Warden, Krome N. Serv. Processing Ctr.*, No. 26-23473, slip op. at 2–3 (S.D. Fla. June 17, 2026); *Lezama Garcia v. Mia. Field Off. Dir.*, No. 25-23169, 2026 WL 632351, at *6 (S.D. Fla. Mar. 6, 2026); *Guo Xing Song v. U.S. Atty. Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013).

However, Respondents provide no evidence that—like the cases they cite—Petitioner has thwarted his removal by refusing to sign travel documents. Petitioner was presented with a Notice of Removal on January 7, 2026. *See* Notice of Removal ("Notice"), [ECF No. 5-8]. The Court is unable to determine if Petitioner signed the Notice, as Respondents have submitted a redacted version. Regardless, Respondents do not argue that Petitioner refused to sign the Notice. *See* Resp. at 3 ("On January 7, 2026, ICE ERO notified Petitioner that he would be removed to Mexico. *See* Ex. H, Notice of Third Country Removal."). Petitioner did sign his "Instruction Sheet to Detainee Regarding Requirement to Assist in Removal" on March 25, 2026, which lists the documentation and information Petitioner was required to provide ICE to assist in his removal. *See* [ECF No. 5-10] at 2. And Respondents do not contend that Petitioner failed to provide any of the requested documentation or information listed in the instruction sheet.

While Respondents provide the Court with several documents Petitioner refused to sign, none are travel documents and Respondents make no argument that the refusal to sign these documents frustrated Petitioner's removal. *See* Notice to Alien of File Custody Review, [ECF No. 5-9] at 2; Notice of Revocation of Release, [ECF No. 5-11] at 2; Decision to Continue Detention, [ECF No. 5-12] at 3; Notice to Alien of File Custody Review, [ECF No. 5-13] at 2. Accordingly, the Court does not find that Petitioner's failure to sign these documents has frustrated his removal. *See Hernandez v. Mullin*, No. 3:26-cv-619-JEP-PDB, 2026 WL 2249504, at *3 (M.D. Fla. Aug. 5, 2026) (determining that petitioner did not frustrate his removal when he refused to sign a notice that was "not an application for travel documents or form that would otherwise appear to assist in his removal").

Both parties agree that when ICE transported Petitioner to the United States–Mexico border in Texas, he refused to voluntarily cross the border into Mexico. *See* Am. Pet. ¶ 14; Resp. at 3.

But once again, Respondents fail to advance any argument that this conduct tolled the removal period under *Zadvydas*.[3] Moreover, Petitioner's conduct occurred 226 days before the filing of his current Petition and, as discussed above, Respondents do not provide the Court with any other instances where Petitioner has frustrated his removal. The Court declines to find that conduct frustrating removal indefinitely tolls the presumptively reasonable six-month period under *Zadvydas*. *See Rodriguez Dominguez v. Warden, Fed. Det. Ctr. Mia.*, No. 26-25853, 2026 WL 3121379, at *4 (S.D. Fla. Oct. 19, 2026) ("[I]f Petitioner complies with removal efforts and his detention continues, he remains free to file a new petition seeking relief under *Zadvydas* demonstrating that his continued detention exceeds six months and that there is no significant likelihood of removal in the reasonably foreseeable future." (citing *Akinwale*, 287 F.3d at 1050)). More than six months have passed since Petitioner refused to depart the bus at the United States–Mexico border and the filing of the instant Petition. Accordingly, the Court finds that the first prong of *Zadvydas* is satisfied.

***II. There is no significant likelihood of removal in the reasonably foreseeable future.***

The six-month presumption of reasonableness "does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Thus, to state a claim under *Zadvydas*, Petitioner "must provide evidence of a good reason to believe that there is no significant likelihood of removal in

[3] Respondents characterize Petitioner's conduct at the border as a "refus[al] to comply with removal efforts," but otherwise make no argument relating to this instance. Several courts have disagreed with Respondents' characterization, stating that "[a]n effort to compel an individual to voluntarily depart by walking across an international border to a country of which he is not a citizen is not a removal effort." *Mendoza Martinez v. Parra*, No. 26-24255, 2026 WL 2318024, at *6 (S.D. Fla. Aug. 11, 2026); *see also Hernandez*, 2026 WL 2249504, at *4; *Torres v. Warden, Fla. Soft Side S. Det. Facility*, No. 2:26-cv-1141-JES-NPM, 2026 WL 1993262, at *2 (M.D. Fla. July 10, 2026).

the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052. If the Petitioner makes this showing, "the burden shifts to Respondents 'to respond with evidence sufficient to rebut that showing.'" *Rodrigues Gomes v. Warden, Krome N. Serv. Processing Ctr.*, No. 26-25687, 2026 WL 3025542, at *4 (S.D. Fla. Oct. 8, 2026) (quoting *Akinwale*, 287 F.3d at 1052).

Petitioner argues that there is no significant likelihood of removal in the reasonably foreseeable future because "since the January 2026 removal attempt, Respondents have taken no further step[s] to remove Petitioner. . . . Respondents have identified no country that has agreed to accept Petitioner, have secured no travel documents, and have provided no anticipated removal date." Am. Pet. ¶ 19; *see also* Rep. at 3. Respondents concede that Cuba denied Petitioner's repatriation. *See* Rep. at 3; Declaration of Deportation Officer Ricardo Herrero ("Herrero Declaration"), [ECF No. 5-2] ¶ 15.

Given Petitioner's allegations, the burden shifts to Respondents to rebut the showing that removal is not reasonably foreseeable. *See Escobar Games v. Warden, N. Krome Det. Ctr.*, No. 26-24067, 2026 WL 2818810, at *3 (S.D. Fla. Sep. 21, 2026) (finding petitioner's initial burden satisfied by a showing that his removal order only anticipated removal to Cuba and "Respondents plainly admit that Cuba declined to accept Petitioner").[4] Respondents argue that despite Cuba's refusal to accept Petitioner, his removal to Mexico is foreseeable. Resp. at 6 ("[T]he Government intends to remove Petitioner to Mexico and . . . expects to do so promptly . . . ."). To support this contention, Respondents point to the declaration of Officer Herrero, which states the following:

> Petitioner's removal remains likely, assuming his cooperation. Mexico routinely accepts Cuban nationals for removal without the

---

[4] Respondents allege that Petitioner "has not met his burden of proving there is no significant likelihood that he will be removed." Resp. at 5. But, as explained above, Petitioner bears only the *initial* burden of providing "evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052. After doing so, the burden shifts to Respondents to rebut Petitioner's contentions. *Id.*

> need for travel documents. Once the Court lifts the transfer restriction set forth in its Order to Show Cause, and provided Petitioner signs a Notice of Removal to Mexico and otherwise cooperates with ICE ERO's removal efforts, ICE ERO anticipates effectuating Petitioner's removal within approximately four weeks, subject to travel space availability to the U.S.-Mexico border.

Herrero Declaration, [ECF No. 5-2] ¶ 25. Respondents provide no other evidence regarding the likelihood of Petitioner's removal.

The Herrero Declaration is insufficient to rebut Petitioner's showing that removal is not likely. First, this Court has issued no transfer restriction as to Respondents. *See generally* Order to Show Cause and Omnibus Order, [ECF No. 4].[5] Second, the sole Notice of Removal Respondents provided to the Court is from January 7, 2026, and Respondents do not allege that Petitioner failed to sign it. *See* [ECF No. 5-8]. That leaves the contention that "Mexico routinely accepts Cuban nationals for removal without the need for travel documents" and "ICE ERO anticipates effectuating Petitioner's removal within approximately four weeks[.]" Herrero Declaration, [ECF No. 5-2] ¶ 25. But such "generalized statements" do not provide the Court with "evidence on which to find that there is a significant likelihood of removal to any country in the reasonably foreseeable future." *Iglesias Perez v. Warden, Fed. Det. Ctr. Miami*, No. 26-25485, 2026 WL 2522886, at *4 (S.D. Fla. Aug. 27, 2026) (compiling cases). Here, "the fact remains that Respondents have made no attempt to show that Mexico has agreed to accept Petitioner or that it

[5] Indeed, it appears that Respondents may have confused this Court's Order with others issued by judges in this District. *See e.g.*, *Iglesias Perez*, No. 26-25485, Order to Show Cause and for Production of Evidence, [ECF No. 4] at 2 ("Respondents shall refrain from transferring Petitioner out of the jurisdiction of this Court during the pendency of this proceeding."). In fact, this Court routinely rejects requests to enjoin respondents from moving a petitioner pending the adjudication of a habeas petition. *See e.g.*, *Rodriguez Dominguez*, No. 26-25853, Paperless Order, [ECF No. 13] (denying petitioner's request that respondents not transfer petitioner outside the district because "the Court lacks jurisdiction to enjoin Petitioner's transfer to another immigration facility" under 8 U.S.C. §§ 1252(a)(2)(B) and 1231(g)(1)).

will likely do so soon." *Mendoza Mertinez*, 2026 WL 2318024, at *6. Thus, Respondents have not met their burden under the second prong of *Zadvydas* in order to justify continued detention.

**CONCLUSION**

Petitioner is entitled to release under *Zadvydas*, for he has been detained for more than six months and the Court finds no significant likelihood of Petitioner's removal in the reasonably foreseeable future. Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Petitioner Raiko Morffi Lopez's Petition for Writ of Habeas Corpus, [ECF No. 1], is **GRANTED**.

2. Respondents shall immediately release Petitioner from immigration custody under appropriate conditions of supervision to be set by the Department of Homeland Security and subject to 8 U.S.C. § 1231(a)(3).

3. Respondents shall, within **twenty-four (24) hours** of Petitioner's release, file a Status Report confirming that Petitioner has been released from immigration custody.

4. All deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**.

5. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 12th day of November, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**